IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:01CV215

| | |
|---|---|
| ERILINE COMPANY S.A., and ) <br> EDGARDO BAKCHELLIAN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> JAMES P. JOHNSON; UNIVERSAL ) <br> MARKETING GROUP, INC.; PRIME) <br> SOURCE TRADING, L.L.C; and ) <br> STEVEN CLOUDTREE, ) <br> ) <br> Defendants. ) <br> _____) | **ORDER OF DISMISSAL** |

**THIS MATTER** is before the Court on remand from the United States Fourth Circuit Court of Appeals.

On April 11, 2003, the undersigned dismissed the Plaintiffs' federal claim for violations of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j, *et seq.* The Plaintiffs did not appeal this dismissal. Their appeal only concerned the dismissal of the state law claims.

The Fourth Circuit vacated the dismissal of those state law claims and remanded the case "for such other and further proceedings as may be

2

appropriate."[1]  ***Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 657 (4th Cir. 2006).**  In following the mandate of the Circuit, the Court notes the Fourth Circuit's statement that, "[q]uite aside from the interests of the individual parties in a lawsuit, a district court has an important interest in keeping its docket from becoming clogged with dormant cases and in ensuring that a party does not use the court as an instrument of fraud or deceit." ***Id.*, at 654.**  It bears noting that on appeal, counsel were appointed to represent certain of the Defendants who never made any appearance in this Court.  At this level, the Court had before it Plaintiffs who had failed to provide documentation of their claims and who, when allowed an opportunity to provide the same, provided documentation which did not support the allegations of the complaint.  While the Defendants did, in fact, default in making an appearance, their stature was similar to that of the *pro se*

---

[1] The Circuit noted that on appeal the parties agreed that diversity jurisdiction did not exist, although the Plaintiffs argued that they should be allowed to dismiss Defendant Cloudtree in order to preserve diversity jurisdiction.  The Circuit did not resolve this issue, finding instead that federal question jurisdiction existed, thus obviating the need to reach the question.  Nor did the Circuit remand as to this issue.  The undersigned, therefore, is limited to the Circuit's remand and accepts the parties' consensus that diversity jurisdiction does not exist.

3

litigant. Indeed, the Circuit itself noted that "the circumstances presented the district court with grounds for being suspicious[.]" *Id.*, at 654 n.9.

The cause of action which raised a federal question has been dismissed; the dismissal thereof was not appealed and that dismissal, therefore, remains the law of the case. Diversity jurisdiction was raised on appeal but the Circuit declined to finally rule on the issue; however, the parties all agree that complete diversity is lacking. The remand from the Circuit does not allow this Court to make any determination concerning that issue; the remand is relegated solely to the state law claims. Because there is no federal question or diversity jurisdiction, the undersigned declines to exercise supplemental jurisdiction because it has dismissed all claims over which it had original jurisdiction. **28 U.S.C. § 1367(c)(3).**

**IT IS, THEREFORE, ORDERED** that this action is hereby **DISMISSED.**

Signed: May 3, 2006

Lacy H. Thornburg
United States District Judge